**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**JOSEPH CHIA BOH** **PETITIONER**

**V.** **Civil Case No. 5:26-cv-00347-DCB-BWR**

**WARDEN RAFAEL VERGARA** **RESPONDENT**

**REPORT AND RECOMMENDATION**

Petitioner Joseph Chia Boh ("Petitioner"), a native and citizen of Cameroon, filed his pro se Petition [1] for writ of habeas corpus under 28 U.S.C. § 2241 on April 16, 2026, challenging the length of his detention and seeking his immediate release from Immigration and Customs Enforcement's ("ICE") detention. Having considered the Petition [1], Response [9], record, and relevant law, it is recommended that the Petition be dismissed without prejudice because Petitioner's post-removal-period detention claim is premature under the framework set forth in *Zadvydas v. Davis,* 533 U.S. 678 (2001). It is further recommended that Petitioner's "Motion [7] of Notification of Change of Status and Request for Procedural Reconsideration" be denied as moot.

**I. BACKGROUND**

In November 2024, Petitioner entered the United States without inspection and detained by ICE. *See* Pet. [1] at 4, 6; Ex. A to Resp. [9-1]. Petitioner was processed in expedited removal, made a credible fear claim, and was placed in removal proceedings. *See* Exs. A and B to Resp. [9-1] [9-2]. In July 2025, an immigration judge ordered Petitioner removed from the United States to Cameroon. *See* Ex. D to Resp.

[9-4]. Petitioner, represented by counsel, appealed and on April 24, 2026, the Board of Immigration Appeals ("BIA") remanded the case back to immigration court. *See* Ex. E and F to Resp. [9-5] [9-6].

On May 22, 2026, an immigration judge entered an order denying Petitioner's application for asylum, granting withholding of removal under INA § 241(b)(3), and ordering that Petitioner be removed from the United States. *See* Ex. C to Resp. [9-3]. The parties reserved appeal, the appeal was due June 22, 2026, but no appeal was filed. *Id.* at 4.[1] Accordingly, Petitioner's removal became administratively final on June 22, 2026. *See* 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: . . . (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;").

Petitioner filed his Petition on April 16, 2026, while his removal proceedings were still pending (prior to the order of removal and prior to the removal order becoming administratively final). Petitioner alleges the following ground: "Prolonged detention: My detention has become unconstitutionally prolonged and violates my inalienable right to liberty and my due process of law." Pet. [1] at 6. Petitioner requests his immediate release. *Id.* at 7.

Petitioner also filed a "Motion [7] of Notification of Change of Status and

[1] *See* https://acis.eoir.justice.gov/en/caseInformation/ (last visited July 21, 2026). The Court takes judicial notice that, according to the Executive Office of Immigration Review's public website showing automated case information, "[n]o appeal was received for this case". *See* Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

Request for Procedural Reconsideration", essentially notifying the Court of the remand on April 24, 2026, and the order issued by the immigration judge on May 22, 2026, both referenced above. He also seeks this Court's "reconsideration of [his] prolonged and continuous detention." Mot. [7] at 2.

## II. DISCUSSION

28 U.S.C. § 2241 confers federal district courts "within their respective jurisdictions" the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241. The writ of habeas corpus is "available to every individual detained within the United States," including noncitizens. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).

"A district court has subject matter jurisdiction to hear an alien's Section 2241 petition challenging the lawfulness of his or her detention." *Wekesa v. United States Att'y*, No. 22-10260, 2022 WL 17175818, at *1 (5th Cir. Nov. 22, 2022); *see also Demore v. Kim,* 538 U.S. 510, 517 (2003) ("Section 1226(e) contains no explicit provision barring habeas review, and we think that its clear text does not bar respondent's constitutional challenge to the legislation authorizing his detention without bail."); *Imran v. Harper,* No. 25-30370, 2026 WL 93131, *1 (5th Cir. Jan. 13, 2026) ("[D]istrict courts have subject-matter jurisdiction to review § 2241 petitions challenging the lawfulness of a noncitizen's detention . . . .").

At the time he filed his Petition, which was prior to his removal order, Petitioner was being detained under 8 U.S.C. § 1225(b)(1), which applies during

removal proceedings. *See* Resp. [9] at 1-2. Since the filing of his Petition, an immigration judge entered an order denying Petitioner's application for asylum, granting withholding of removal under INA § 241(b)(3), and ordering that Petitioner be removed from the United States. Petitioner's order of removal became administratively final on June 22, 2026, and his detention is now governed by 8 U.S.C. § 1231. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) ("The Government is correct that [petitioner's] detention is now governed by § 1231 . . . [which] defines the circumstances under which an alien enters the 'removal period' . . . ."); *Vetcher v. Barr*, 809 F. App'x 254, 255-56 (5th Cir. 2020) (holding that petitioner's detention under § 1226(c) "ended when he became subject to an administratively final removal order, namely the . . . BIA decision, [and] [t]he authority for his detention then shifted to 8 U.S.C. Section 1231") (citing *Andrade*, 459 F.3d at 542-43). Section § 1231 provides that "the Attorney General shall remove the alien from the United States within a period of 90 days (. . . referred to as the 'removal period')[,]" during which time the alien shall be detained. 8 U.S.C. § 1231(a)(1)(A), (a)(2). "After that time elapses, however, § 1231(a)(6) provides only that certain aliens '*may* be detained' while efforts to complete removal continue." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (emphasis in original).

In *Zadvydas*, the Supreme Court applied the doctrine of constitutional avoidance and construed § 1231(a)(6) to mean that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." 533 U.S. at 699. "*Zadvydas* then concluded that six months was a presumptively

reasonable period of detention, beyond the removal period, in which to effectuate deportation." *Tran v. Mukasey*, 515 F.3d 478, 482 (5th Cir. 2008) (citing *Zadvydas,* 533 U.S. at 702). "After that, the Court concluded, if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien." *Jennings,* 583 U.S. at 299 (quoting *Zadvydas,* 533 U.S. at 701). "This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Because Petitioner's removal order became administratively final on June 22, 2026, the 90-day removal period does not expire until September 21, 2026. The six-month period of presumptively valid detention following the removal period will not expire until March 21, 2027. Here, the 90-day removal period has not yet expired, and Petitioner "has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas.* Consequently, any challenge to his . . . post-removal-order detention is premature." *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011); *see also Zadvydas,* 533 U.S. at 701 ("*After this 6-month period*, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.") (emphasis added); *Andrade,* 459 F.3d at 543 ("*Zadvydas* thus created a '6-month

presumption' of the validity of detention under § 1231, *after which* an alien could attack the reasonableness of his continued detention.") (emphasis added).

To the extent that Petitioner requests relief due to his conditions of confinement, such claims are not cognizable under 28 U.S.C. § 2241. *See Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007) ("Allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions."); *Boyle v. Wilson*, 814 F. App'x 881, 882 (5th Cir. 2020) (holding that § 2241 habeas petition is not "the proper procedural vehicle for claims . . . regarding the conditions of confinement"). Any claims based on Petitioner's alleged conditions of confinement should be dismissed from this § 2241 proceeding because "a challenge to the conditions of confinement is not properly brought under § 2241." *Falcetta v. Rosalez*, No. 23-50159, 2024 WL 890124, at *2 (5th Cir. Mar. 1, 2024).

## III. RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Petition [1] be denied and dismissed without prejudice. Petitioner's post-removal-period detention claim is premature, and 28 U.S.C. § 2241 is not the proper vehicle for conditions of confinement claims. The undersigned further recommends that Petitioner's "Motion [7] of Notification of Change of Status and Request for Procedural Reconsideration" be denied as moot.

## IV. NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

**SIGNED,** this 23rd day of July, 2026.

s/ *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE